UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad WKA Qadir, | ) C/A No. 4:08-498-TLW-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Amended |
| | ) Report and Recommendation |
| HL Cooke; | ) |
| John Doe; | ) |
| Unknown Defendants; | ) |
| The Hartford Insurance Company; | ) |
| Charlene Betancourt; | ) |
| Samuel Mokeba; | ) |
| Catherine Griffin; | ) |
| Eleazer Carter; | ) |
| John Mills; | ) |
| Glenn Walters; | ) |
| Hagood Potter; | ) |
| Leviner's Wrecker Service Ronnie; | ) |
| Christine A Cortright-Creel Reporting; | ) |
| The Chesterfield County Courthouse; | ) |
| LC Shaw of Shaw's Body Shop; | ) |
| The Enterprise Car Rental; | ) |
| John Emerson; | ) |
| Phil Grimes; | ) |
| J Michael Baxley; and | ) |
| Office of the Attorney General For The State of SC Civil | ) |
| Litigation and Criminal Division, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed *pro se.*[1] Plaintiff has requested to proceed in this civil action without paying the full filing fee, i.e., *in forma pauperis*. (Entry 4). That request is granted in the Order accompanying this Report.

In the Complaint filed in this case, Plaintiff seeks certain declaratory and injunctive relief and

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

1

damages from numerous participants in a Chesterfield County state court civil action arising from an automobile accident in which Plaintiff was involved, apparently as a passenger in one of the wrecked vehicles. Plaintiff is not satisfied with the outcome of that civil action and, essentially, seeks a different result from this Court, claiming that his federal constitutional rights were violated by all of the Defendants' activities in connection with the state court action. He claims that this Court has subject matter jurisdiction to consider his claims under 42 U.S.C. §§ 1983,[2] 1985;[3] 28 U.S.C. §§ 2201, 2202,[4] and under several other federal statutes which clearly do not provide federal jurisdiction for Plaintiff's claims. [5]

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3] Section 1985 governs actions based on allegations of conspiracy to violate constitutional rights; however, for a viable claim to be stated under this statute "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

[4] These are the general statutes authorizing federal courts to issue declaratory judgments where necessary; they do not confer federal jurisdiction over any claim that does not otherwise fall within the subject matter jurisdiction of the federal court. *Beltran v. Brownell*, 121 F.Supp. 835, 836 (S.D. Cal. 1954); *see Mason & Dixon Lines, Inc. v. Eagerton*, 555 F. Supp. 434, 436 (M.D. Ala. 1982).

[5] 28 U.S.C. § 1361 does not provide federal jurisdiction over mandamus actions against private individuals or state officials. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986)(unpublished opinion)(same). 28 U.S.C. § 1331 is the general "federal question" jurisdiction statute, but it does not provide any kind of private right of action to any litigant. *See, e.g.*, *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812 (1986); *U.S. ex rel. FTC v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 841 F. Supp. 899, 903 (D. Minn. 1993); *Lyle v. Village of Golden Valley*, 310 F. Supp. 852, 855 (D. Minn. 1970). The same is true of the diversity jurisdiction statute: 28 U.S.C. § 1332, especially where, as here, the face of the Complaint shows that diversity jurisdiction is not available since there are South Carolina residents on both sides of the case. *M & I Heat Transfer Prods, Ltd. v. Willke*, 131 F. Supp. 2d 256, 260 (D. Mass. 2001). 28 U.S.C. § 1355 only provides authority for federal district courts to impose fines and forfeitures in certain circumstances not presented by this case. It does not provide Plaintiff with any kind of private right of action. *Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 406 (3d Cir. 1982). The only basis for a civil action for "false claims" under 31 U.S.C. §§ 3729, 3730 is a "request or demand"

Plaintiff sues several attorneys who represented the parties to the civil action, several persons and entities who investigated the wreck and/or provided testimony as witnesses in the civil action, an insurance company and some of its employees, investigating and testifying state law enforcement personnel, and the trial judges who presided in the Chesterfield County civil action.  He claims they all conspired to violate his rights in connection with the outcome of the Chesterfield County automobile accident case.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case.  The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally.  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  The requirement of liberal construction, however, does not mean that the

---

that would require the "United States Government" to pay any part of said request or demand.  There are no allegations in Plaintiff's Complaint about any kind of claim against the United States Government  and so these statutes do not provide federal question jurisdiction over this case.  28 U.S.C. § 1391(C) and 42 U.S.C. § 1988 are each procedural statutes which do not confer federal jurisdiction. *See Andrus v. Charlestone Stone Prods*., 436 U.S. 604, 607n.6 (1978)(§ 1391 is the general venue statute and "cannot itself confer jurisdiction"); *Moor v. Alameda County*, 411 U.S. 693 (1973)(§ 1988 authorizes attorney fees in civil rights cases but does not create an independent right of action).  All of the statutes in Title 18 of the United States Code referred to by Plaintiff: sections 1961, 2, 3, 4, 43, 201, 241, 242, 891, 1341, 1505, 1719, 1920, and 1962, are criminal statutes and do not provide a private right of action to persons such as Plaintiff for enforcement of those statutes in civil courts.

3

court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[6] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent that he asks this Court to review the proceedings and outcome of the Chesterfield County civil action, all of Plaintiff's claims against all Defendants are subject to summary dismissal because this Court is without subject-matter jurisdiction to consider them. The proceedings and rulings made in the Chesterfield County Court of Common Pleas cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257).[7] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See*, *e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). Because the *Rooker-Feldman* Doctrine is jurisdictional it may be raised by the Court *sua*

---

[6] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[7] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g.*, *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

4

*sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina State Courts. The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiff attempts to raise in this case. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The doctrine also applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robart Wood & Wire Prods. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986).

Plaintiff's submission of the Complaint in this case, claiming a right to damages and other relief for alleged federal constitutional violations by various participants in a civil lawsuit does not alter the fact that Plaintiff is, in reality, attempting to have this Court review the proceedings and overturn the result of the automobile accident case in the Chesterfield County Court of Common Pleas. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). Plaintiff claims that he was injured by the result in the state court case, *see Willner v. Frey,* No. 06-1432, 2007 WL 222778 (4th Cir. August 3, 2007), and to rule in favor of Plaintiff on his constitutional claims would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201.

Furthermore, even if *Rooker/Feldman* did not completely bar this case against all Defendants, it is clear that Plaintiff's only claims that potentially fall within this Court's federal question jurisdiction - - those arising under 42 U.S.C. §§ 1983 and 1985, *see supra* note 2 – are not legally viable for various

reasons. Accordingly, for the following reasons, the Complaint should be summarily dismissed notwithstanding the *Rooker/Feldman* doctrine.

Initially, none of Plaintiff's purported § 1985 claims may go forward against any Defendant because there are no allegations that any supposed conspiracy to violate Plaintiff's rights was based on Plaintiff's membership in any protected class of individuals. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Also, his § 1983 claims against most of the Defendants fail because no state action was involved in their dealings with Plaintiff in connection with the Chesterfield County car accident case.[8] In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). *See generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). For example, an attorney, such as Defendants Mokeba, Griffin, Walters, Emerson, and Carter, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender). The other private Defendants were only performing private duties such as accident investigation for insurers, towing of wrecked vehicles, and/or repairing or renting automobiles for persons involved in a wreck. They were not acting under color of state law in connection with the Chesterfield County civil action.

---

[8] *E.g.*, John Doe; Unknown Defendants; The Hartford Insurance Company; Charlene Betancourt; Samuel Mokeba; Catherine Griffin; Eleazer Carter; Glenn Walters; Hagood Potter; Leviner's Wrecker Service Ronnie; LC Shaw of Shaw's Body Shop; The Enterprise Car Rental; John Emerson. None of these Defendants is a state actor; they are all private citizens of the State of South Carolina.

6

Moreover, several remaining Defendants are entitled to immunity from Plaintiff's § 1983 claims.

Defendants Baxley and Mills were the state court judges who presided over the Chesterfield County Court of Common Pleas and the subject automobile accident case. The allegations of wrongdoing against them are, in essence, that they made rulings in the case with which Plaintiff disagreed and which did not favor Plaintiff's position in the case. Such rulings by judges are made as a part of their performance of their judicial duties. As a result, Plaintiff's claims for damages and other relief against Judges Baxley and Mills are barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling

7

unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").   Since there is no basis for entry of a declaratory judgment in this case, Plaintiff's requests for injunctive relief against the judge are statutorily barred under the circumstances of this case.  *See* 42 U.S.C. § 1983; *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31 ,2007).

Also, Defendants Cooke, Bentancourt, Potter, and Grimes, who apparently testified against Plaintiff's interests in connection with the Chesterfield County civil action, cannot be sued under 42 U.S.C. § 1983 for their providing testimony against Plaintiff's interests in the case.  A rule of absolute witness immunity has been adopted by the majority of Courts of Appeals.  *See Brawer v. Horowitz*, 535 F.2d 830, 836- 37 (3d Cir. 1976) (lay witness in federal court; *Bivens* action); *Burke v. Miller*, 580 F.2d 108 (4th Cir. 1978) (state medical examiner; § 1983 action); *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982) (police officer witness; § 1983 suit); *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); *Blevins v. Ford*, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment).

Additionally, since the United States Supreme Court's decision in *Briscoe v. LaHue*, 460 U.S. 325 (1983), most circuits have rejected § 1983 claims similar to those made by Plaintiff herein, alleging that the defendants who were testifying witnesses were not entitled to absolute immunity because they were engaged in a conspiracy with each other or with the prosecutor to offer perjurious testimony against the plaintiff. *See Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000) (involving allegation of conspiracy between two testifying witnesses); *Hunt v. Bennett*, 17 F.3d 1263, 1267-68 (10th Cir. 1994) (holding prosecutor and police officer witness absolutely immune from claim of conspiracy to present false testimony); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam) (rejecting conspiracy claim and pointing out that plaintiff's conspiracy allegations were "conclusory"); *McArdle v. Tronetti*, 961 F.2d 1083, 1085-86 (3d Cir. 1992) (involving testifying witnesses); *House v. Belford*, 956 F.2d 711, 720-21 (7th Cir. 1992) (rejecting claim of conspiracy between prosecutor and testifying witness on ground of absolute immunity); *Miller v.*

*Glanz*, 948 F.2d 1562, 1570-71 (10th Cir. 1991) (rejecting claim for conspiracy among testifying witnesses); *Alioto v. City of Shively*, 835 F.2d 1173, 1174 & n. 1 (6th Cir. 1987) (same). Therefore, all of Plaintiff's § 1983 claims against testifying witnesses are also subject to dismissal under an immunity theory.

Furthermore, Plaintiff's purported § 1983 claim against Defendant Christine A Cortright-Creel Reporting is barred by the doctrine of absolute *quasi* judicial immunity. This form of absolute immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1993), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

Plaintiff's only allegations of wrongdoing against Defendant Office of the Attorney General For The State of SC Civil Litigation and Criminal Division appear to be that the office refused to institute a criminal investigation or file criminal charges against several of the Defendants, whom Plaintiff claims committed perjury and fraud in connection with the Chesterfield County civil action. By suing this Defendant, Plaintiff seeks an order from this Court to the State requiring it to file criminal charges against some Defendants. This Court cannot issue such an order, and, as a result, the Complaint is subject to summary dismissal as to this Defendant because Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970). Also, several federal courts have held that, in absence of allegations that protective services such as criminal investigations and charges are being withheld *solely* for an illegally discriminatory reason, a private citizen, such as the Plaintiff, may not recover damages under § 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. *See, e.g.*, *McKee v. City of Rockwall*, 877 F.2d 409, 418 (5th Cir.

9

1989)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection;" plaintiff victim of assault could arguably sustain equal protection claim for inadequacy of police protection *only upon proof* that non-arrest of perpetrator was result of discrimination against protected class); *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection."); *Campbell v. Bowlin*, 724 F.2d 484 (5th Cir. 1984)(plaintiff should have been permitted to have jury consider section 1983 claim where he presented proof that showed he was denied municipal services on account of his race); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Nieves-Ramos v. Gonzalez-De-Rodriguez*, 737 F.Supp. 727 (D. P.R. 1990)(no cause of action under section 1985 against judge and prosecutor for failing to arrest person where no allegations of illegal discrimination); *Johnson v. Craft*, 673 F.Supp. 191, 193 (S.D. Miss. 1987)("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice"). *But see Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir.1995) ("when police officers conceal or obscure important facts about a crime from its victims, rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged"); *Love v. Bolinger*, 927 F.Supp. 1131 (S.D. Ind. 1996)(conspiracy to keep details of criminal investigation secret or not to begin one at all may be actionable as a denial of access to court claim under specific allegations).

As the Seventh Circuit Court of Appeals explained:

> [T]here is no constitutional right to be protected by the state against being murdered [or otherwise injured] by criminals or madmen. It is monstrous if the state fails to protect its residents against such predators *but it does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution*. The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order. *Discrimination in providing protection against private violence could of course violate the equal protection clause of the Fourteenth Amendment. But that is not alleged here*. All that is alleged is a failure to protect [the Plaintiff] and others like her from a dangerous

> madman, and as the State of Illinois has no federal constitutional duty to provide such protection its failure to do so is not actionable under section 1983.

*Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982)(emphasis added).

Also closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See* 454 U.S. at 86-87; *see also In re Appointment of Independent Counsel*, 766 F.2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 378-83 (2d Cir. 1973). Moreover, in its *Timmerman* opinion, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See* 454 U.S. at 87 n. 2 (citing *State v. Addison*, 2 S.C. 356, 364 (1871)).

It is elemental that "[s]ection 1983 imposes liability on anyone who under color of state law 'subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ...,' and thus applies *only* if there is a deprivation of a constitutional right." *Bowers v. DeVito*, 686 F.2d at 618 (emphasis added) (citing to *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979); *Paul v. Davis*, 424 U.S. 693, 699-701 (1976); *Bonner v. Coughlin*, 545 F.2d 565, 567, 569 (7th Cir. 1976)). Although the Plaintiff asserts that his "constitutional rights" have been violated by the Defendants' failure to arrest and charge the persons he claims assaulted him, he does not specify which constitutional right or rights he believes have been violated. The authorities cited and discussed above make clear that private citizens have no federal constitutional right to have any other individual charged with a crime, and that such claims routinely fail unless a valid equal protection or substantive due process claim based on invidious, class-based discrimination is stated. A close and careful examination of the allegations contained in the Plaintiff's Complaint does not disclose any reference to any specific federal constitutional or statutory

rights allegedly violated by the Defendants' inaction, nor are there any allegations that the Defendants have failed or refused to act because of racial, religious, gender or other illegal discrimination. Thus, no federal cause of action under 42 U.S.C. § 1983 is stated, even under the most liberal construction of the Complaint in this case.

Finally, the Complaint is subject to summary dismissal as to Defendant Chesterfield County Courthouse to the extent that it seeks to state a claim under § 1983 because this Defendant is not a "person" who can act "under color of state law." The Chesterfield County Courthouse is a building or a facility. Inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to liability under 42 U.S.C. § 1983. *Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

The bulk of Plaintiff's remaining allegations, liberally construed, raise state-law-based civil claims or criminal violations against some or all Defendants, such as abuse of process, perjury, subornation of perjury, obstruction of justice, conflict of interest/misconduct in office, fraud, forgery, intentional and negligent infliction of emotional distress, negligence, and unfair trade practices.[9] In the absence of diversity of citizenship jurisdiction, these types of claims fall outside the limited jurisdiction of this Court. *See Cianbro Corporation v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). Although federal courts faced with claims that fall within the courts' federal question jurisdiction, see 28 U.S.C. § 1331, have discretion to decide pendent state law claims *if* the federal and state claims arise out of a common nucleus

---

[9] False imprisonment, like defamation and malicious prosecution, is a common-law intentional tort. *See Camden v. Hilton*, 360 S.C. 164, 170, 600 S.E.2d 88, 91 (Ct. App. 2004); *State Farm Fire & Cas. Co. v. Barrett*, 340 S.C. 1, 10-11, 530 S.E.2d 132, 137 (Ct. App. 2000). Generally, such common-law torts are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Owen Equip. & Erection Co.*, 437 U.S. at 370-72.

of operative fact, "[i]f the federal claims are dismissed before trial . . . the state claim[s] should be dismissed as well." *Webb v. McCullough*, 828 F.2d 1151, 1160 (6th Cir. 1987); *see United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Because, as stated above, Plaintiff fails to state any viable claims cognizable under this Court's federal question jurisdiction against any Defendant, this Court should dismiss all the state law claims stated in the Complaint without prejudice so that Plaintiff may pursue his remedies in an appropriate state forum should he choose to do so.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

                                                                          s/Joseph R. McCrorey
                                                                          United States Magistrate Judge

March 6, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

14